UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. CORONADO,<br><br>   Plaintiff,<br><br>   v.<br><br>OLD CASTLE INFRASTRUCTURE, INC.,<br><br>   Defendant. | Case No.  1:25-cv-01270-JLT-BAM<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDER<br><br>(Docs. 8, 11, 13) |

**I.     Background**

Plaintiff Michael L. Coronado is a state prisoner proceeding *pro se* in this civil action against defendant Oldcastle Infrastructure, Inc. (sued as "Old Castle Infrastructure"). Defendant removed the action to this Court on September 25, 2025. (Doc. 1.) Defendant subsequently filed a motion to dismiss complaint or, in the alternative, motion for a more definite statement on October 2, 2025. (Doc. 8.) The motion was served on Plaintiff by mail on the same date. (*Id.* at 8.)

On October 8, 2025, the motion to dismiss was referred to the undersigned for findings and recommendations. (Doc. 10.) Following the referral, the Court vacated the hearing on Defendant's motion to dismiss and directed Plaintiff that his opposition to Defendant's motion must be filed within twenty-one (21) days after service of the motion consistent with Local Rule 230(l). (*Id.*) Plaintiff's opposition or statement of non-opposition was due on or before October

1

27, 2025. Plaintiff did not file a timely opposition or otherwise respond to the motion. L.R. 230(l).

On November 5, 2025, the Court issued an order directing Plaintiff to show cause in writing, within twenty-one (21) days of service of the order, why the action should not be dismissed for Plaintiff's failure to prosecute. (Doc. 13.) The Court informed Plaintiff that he could comply with the Court's order by filing an opposition or statement of non-opposition to Defendant's October 2, 2025 motion to dismiss complaint or, in the alternative, motion for a more definite statement. (*Id.* at 2.) The Court also informed Plaintiff that, alternatively, he could file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1). Plaintiff was expressly warned that if he failed to comply with the Court's order, then this matter would be dismissed for failure to prosecute. (*Id.*) Plaintiff has not responded to the Court's order to show cause, and the time in which to do so has expired. Plaintiff also has not filed an opposition to Defendant's motion or otherwise contacted the Court regarding this action.

**II.   Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditions resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

2

cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988).

Here, the action has been pending since September 2025, and Plaintiff's response or opposition to Defendant's motion to dismiss is overdue. By way of the Court's order to show cause, Plaintiff was granted additional time to submit his opposition to Defendant's motion to dismiss, but he has failed to comply. Plaintiff was warned that his failure to comply with the Court's order would result in dismissal for failure to prosecute.

Plaintiff is obligated to comply with the Local Rules and was informed by this Court of the need to oppose the motion to dismiss. Despite Plaintiff's duty to comply with all applicable rules and the order, Plaintiff did not file an opposition. Plaintiff has not provided any indication that he is attempting to prepare, or that he intends to submit, an opposition to Defendant's motion to dismiss. The Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal of this action.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives requirement." *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's November 5, 2025 order expressly warned Plaintiff that if he failed to comply with the order, then this matter would be dismissed for failure to prosecute. (Doc. 13 at 2.) Thus, Plaintiff had adequate warning that dismissal of this action could result from his noncompliance. Further, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser

sanction while protecting the Court from further unnecessary expenditure of its scarce resources. The preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating this case. The Court cannot expend its limited resources resolving an unopposed dispositive motion in a case that Plaintiff is no longer prosecuting.

### III.     Conclusion and Recommendation

For the reasons stated, it is HEREBY RECOMMENDED that this action be dismissed based on Plaintiff's failure to prosecute and failure to obey a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **December 8, 2025**                    /s/ Barbara A. McAuliffe
                                                             UNITED STATES MAGISTRATE JUDGE